UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DAVID W. SPENCER,

        Plaintiff,        Case No. 1:13-cv-105

v.        Honorable Robert J. Jonker

UNKNOWN BOYSEN et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court concludes that Plaintiff states a Fourth Amendment claim against Defendants Boysen and Brummel, but that claim will be stayed pending resolution of his state-court criminal proceedings. All other claims, including all claims against Defendants Anderson, Champion, Dames, and Koch, will be dismissed.

## Factual Allegations

Plaintiff David W. Spencer is a detainee at the Allegan County Jail. Apparently, he is awaiting trial in Allegan County Circuit Court on two counts of second-degree criminal sexual conduct. He sues the following individuals: Sgt. Ron Boysen, Detective Chad Dames, Officer Mel Brummel, Prosecutor Frederick Anderson, Assistant Prosecutor Myrene K. Koch, and Attorney Robert A. Champion. Defendants Boysen, Dames, and Brummel work as police officers for the Allegan County Police Department. Defendants Anderson and Koch are prosecuting attorneys for Allegan County. Defendant Champion is Plaintiff's court-appointed attorney for his criminal proceedings.

According to Plantiff's *pro se* pleadings, his action arises from events related to his arrest and prosecution for criminal sexual conduct, with which he was charged on June 28, 2012. Attached to the amended complaint is a motion and brief in support directed to the Allegan County Circuit Court, which sets forth the facts that form the basis for his § 1983 action. (Attach. to Am. Compl., docket #8-1.) The motion argues that the criminal proceedings against Plaintiff should be dismissed because: (1) they are the result of an "[i]llegal [a]rrest and [i]mprisonment" by Defendants Boysen and Brummel; (2) Plaintiff has not received a warrant or determination of probable cause for his arrest and detention; and (3) Defendants Boysen and Dames improperly released Plaintiff's house key to an "unauthorized person," who "relinquish[ed]" Plaintiff's residence and allowed his property to be stolen. (*Id.*, Page ID#32-47.) In a supplement to the amended complaint, Plaintiff asserts that his court-appointed attorney has not provided adequate assistance in his criminal proceedings. (*See* docket #9-1.)

1. Arrest and detention

On June 23, 2012, Plaintiff was sleeping at home when Defendant Boysen knocked on his door and "pushed his way" inside Plaintiff's residence. (Attach. to Am. Compl., docket #8-1, Page ID#33.) Boysen questioned Plaintiff about his identity, whether Plaintiff had ever been convicted of a felony, and whether Plaintiff had any missing children. Plaintiff answered Boysen's questions, though Plaintiff asserts that he was not "of sound mind" at the time because he had just awakened from a "deep sleep." (*Id.*, Page ID#38.) Boysen stated that he found two children "downtown" who had been missing from Plaintiff's home, and that the parents of the children had been contacted. (*Id.*, Page ID#33.) Boysen asked if another individual, James Frye, could take his son from Defendant, because Frye was "fearful" for his son's safety. (*Id.*) Plaintiff consented and Boysen left.

Later that day, Plaintiff received a call from his girlfriend to pick her up from work. As he was driving away from his house, Plaintiff was pulled over by Defendant Brummel. Brummel stated that Plaintiff had "no taillights," though Plaintiff was not able to confirm whether that was the case. (*Id.*, Page ID#34.) Brummel inspected Plaintiff's identification and then returned it to him. Brummel did not ticket Plaintiff, but told him to drive back to his residence, telling Plaintiff that he "knew why." (*Id.*) Brummel followed Plaintiff back to his residence, where Brummel handcuffed and "frisked" Plaintiff. (*Id.*) Brummel then took Plaintiff to the Allegan County police station. At the police station, Boysen instructed Brummel to release Plaintiff's handcuffs, and then Boysen put Plaintiff in an interview room. All of the foregoing occurred before Plaintiff was informed of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

Plaintiff apparently claims that the forcible entry into his home, and the arrest, detention, and questioning by Defendants Boysen and/or Brummel violated his rights under the Fourth and Fourteenth Amendments because they were not supported by probable cause or because they occurred before he was informed of his *Miranda* rights. In addition, Plaintiff appears to claim that the prosecuting attorneys in his criminal proceedings, Defendants Anderson and Koch, are liable for the foregoing conduct because they failed to ensure that police officers working under them are adequately trained in the proper standards for the issuance of arrest and search warrants.

2. Probable cause hearing

Plaintiff further alleges that he has been detained since his arrest on June 23, 2012. As of February 2013, however, he has not seen a warrant for his arrest or received a probable cause hearing to justify his detention.[1] In addition, although Judge Cronin is not listed as a defendant in the amended complaint, Plaintiff implies that he is liable for "lack of officiating his [c]ourt[r]oom and maintain[ing] proper [j]udicial procedures, and for "lack of time of [sic] [p]robable cause hearing." (Am. Compl., docket #8, Page ID#28.)

3. Loss of property

At the time of Plaintiff's arrest, he put the key to his house in the possession of Defendants Boysen and Dames. Sometime thereafter, the key was "released to an unauthorized person," and then someone entered Plaintiff's home and stole his property. (Attach. to Am. Compl., docket #8-1, Page ID#45.) Plaintiff claims that Boysen and Dames are liable for the loss of his

---

[1]On the other hand, Plaintiff states that he has received "Pre-Exams" or "Preliminary Exams" on ten separate dates between July 5 and October 19, 2012. (Attach. to Am. Compl., docket #8-1, Page ID#42.)

property, and that Defendants Anderson and Koch are liable for failing to prosecute Defendants Boysen, Dames and Brummel for their role in that loss.[2]

### 4. Assistance of counsel

Finally, Plaintiff alleges that his court-appointed attorney, Defendant Champion, will not comply with Plaintiff's requests and is not fulfilling his constitutional obligation as Plaintiff's attorney to provide effective assistance of counsel.[3]

As relief in this action, Plaintiff asks the Court to: (1) "verify [p]rocess of the [a]ctions t[a]ken against" him; (2) require the state court to allow him to file a motion to dismiss his criminal case on his own behalf, and not through his court-appointed attorney; and (3) award him compensatory damages for "pain and suffering," "defamation of character," lost wages, and lost vacation time resulting from his "[i]llegal arrest and [f]alse imprisonment." (Am. Compl., docket #8, Page ID#27.) In a supplement to his complaint, Plaintiff adds that he wants "any action taken by [Boysen], be it written or oral," to be "removed" from his criminal proceedings, and that any "documents" or "testimony" from Boysen be suppressed. (Supplement to Am. Compl., docket #9-1, Page ID#59.)

## **Discussion**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

---

[2]In a letter to Defendant Anderson dated January 22, 2013, Plaintiff states that he wishes to "press charges" on Defendants Boysen and Dames because his belongings were stolen after he left his house key in their possession. (*See* docket #9-1, Page ID#61.)

[3]Plaintiff's supplemental materials include three letters from Plaintiff, one to Defendant Champion, one to the clerk of the Allegan County Circuit Court, and one to Judge Cronin, indicating that Plaintiff wants to "fire" Champion and obtain new counsel to represent him. (*See* docket #9-1, Page ID##63-66.)

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A. Defendants Boysen, Brummel & Dames

### 1. <u>Illegal search, arrest, and imprisonment</u>

Construing the complaint generously, Plaintiff claims that Officer Boysen illegally entered Plaintiff's home and questioned him, that Officer Boysen searched and arrested Plaintiff, and that Brummel and Boysen detained Plaintiff, in each case, without probable cause and without informing Plaintiff of his *Miranda* rights. Plaintiff also contends that he has not received a warrant or a probable cause hearing to justify his ongoing detention.

Plaintiff's assertion that he was not informed of his *Miranda* rights does not state a claim based on the facts alleged. The Fifth Amendment, which is applicable to the states by virtue of the Fourteenth Amendment, prohibits forced self-incrimination. *Malloy v. Hogan*, 378 U.S. 1, 8 (1964). A *Miranda* warning is designed to prevent an individual subject to custodial interrogation from being coerced to provide self-incriminating statements. *See Miranda*, 384 U.S. at 436. Plaintiff does not allege that he provided any incriminating statements. Even if he did, he does not allege that they have been used against him in a criminal case. "[M]ere coercion does not violate the . . . Self-Incrimination Clause absent use of the compelled statements in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 769 (2003). "It is only once compelled incriminating statements are used in a criminal proceeding . . . that an accused has suffered the requisite constitutional injury for purposes of a § 1983 action." *McKinley v. City of Mansfield*, 404 F.3d 418, 430 (6th Cir. 2005). Thus, Plaintiff's contention that he was arrested and questioned without being informed of his *Miranda* rights does not state an actionable Fifth Amendment claim.

On the other hand, Plaintiff states a possible claim against Defendants Boysen and Brummel under the Fourth Amendment, which provides, in relevant part, that the "right of the

people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. Government entry into a private home is considered a search implicating the Fourth Amendment. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990); *Payton v. New York*, 445 U.S. 573, 585 (1980); *United States v. U.S. Dist. Court*, 407 U.S. 297, 313 (1972) (stating that "physical entry into the home is the chief evil against which the wording of the Fourth Amendment is directed"). Warrantless searches and seizures are per se unreasonable, subject only to a few specifically established and well-delineated exceptions. *Katz v. United States*, 389 U.S. 347, 357 (1967). In addition, "[i]t is well established that any arrest without probable cause violates the Fourth Amendment." *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003). Plaintiff's allegations imply that Boysen and Brummel lacked a warrant or probable cause for entering his home, detaining him, searching him, and arresting him; thus, he states a claim against them on that basis.

The Supreme Court has also stated that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). When an arrest is made without a warrant, the arrestee is entitled to a "timely judicial determination of probable cause." *Id.* at 126. If no determination is made within forty-eight hours, the burden shifts to the government to demonstrate that the delay was justified by the existence of an emergency or other extraordinary circumstance. *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). In Michigan, it is the arresting officer's duty to bring the arrestee before the magistrate for a determination of probable cause. *See Oxford v. Berry*, 170 N.W. 83, 88 (Mich. 1918); Mich. Comp. Laws § 764.13. Plaintiff alleges that he was arrested and placed in custody by Defendants Boysen and Brummel on June 23, 2012, but he was not charged with a

crime until June 28, and apparently he did not receive any kind of hearing until July 5, 2012. Thus, the Court concludes that Plaintiff states a possible Fourth Amendment claim against Defendants Brummel and Boysen for the additional reason that he did not receive a timely judicial determination of probable cause after they placed him under arrest.

Though Plaintiff states a Fourth Amendment claim, the Court will not consider the merits of that claim at this time because Plaintiff's allegations indicate that he is a defendant in ongoing criminal proceedings in state court, and the alleged conduct by Defendants Boysen and Brummel is related to those proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger v. Harris,* 401 U.S. 37, 44–45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart,* 854 F.2d 839, 844–48 (6th Cir. 1988). *Younger* generally requires the federal court to abstain from considering the plaintiff's federal claims and defer to the state proceeding, if: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). Exceptions to the *Younger* abstention doctrine have been recognized where: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S.

117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

All three factors supporting abstention are present in this case. Criminal proceedings are of paramount state interest. *See Younger*, 401 U.S. at 44–45. Plaintiff has not alleged that the state court cannot or will not provide an adequate opportunity for him to raise his constitutional claim, and there is no reason to conclude that it is unable or unwilling to do so. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("The propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals, subject, of course, to review by certiorari or appeal in this Court or, in a proper case, on federal habeas corpus." (internal citation omitted)); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy."). Even if the trial court denies or fails to consider Plaintiff's claims he may exercise his right to an appeal under Michigan law.

Furthermore, Plaintiff has not alleged "extraordinary circumstances" that would militate against the application of the *Younger* abstention doctrine to his case. As in *Younger*, "[t]here is no suggestion that this single prosecution against [Plaintiff] is brought in bad faith or is only one of a series of repeated prosecutions to which he will be subjected," and the injury that Plaintiff faces "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith[.]'" *Younger*, 401 U.S. at 49 (citation omitted). In short, abstention is appropriate. The Court will not interfere with Plaintiff's criminal proceedings by considering the merits of his Fourth Amendment claims.

Where a court decides to abstain from deciding a claim under *Younger*, the court normally has discretion to dismiss the case without prejudice, or the action. However, when the claim seeks only damages and no equitable relief, dismissal is not ordinarily permitted. *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 702 (6th Cir. 2013). This case includes claims for both damages and injunctive relief, and so *Litchfield* may not prohibit dismissal, but the Court still believes a stay is more fitting than dismissal.

The situation is akin to the one described (in dicta) by the Supreme Court in *Wallace v. Kato*, 549 U.S. 384 (2007):

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393-94 (citations omitted). Plaintiff's Fourth Amendment claims against Defendants Boysen and Brummel are clearly "related to rulings" that will "likely be made" in state court. *See id.* Indeed, Plaintiff himself asserts that Defendants' allegedly illegal actions require the dismissal of the charges against him, and that evidence obtained by Boysen and/or Brummel should be excluded from those proceedings. Consequently, this Court will abstain from considering the merits of Plaintiff's Fourth Amendment claims at this time, and will stay those claims pending the outcome of Plaintiff's criminal proceedings.

### 2. Loss of property

Plaintiff also contends that Defendants Boysen and Dames improperly released his house key to the wrong person, resulting in the theft of Plaintiff's property. Plaintiff arguably raises a claim under the Fourteenth Amendment, which protects against arbitrary and unfair deprivations of property. To state a constitutional claim, however, the conduct at issue must be "grossly negligent, deliberately indifferent, or intentional." *Howard v. Grinage,* 82 F.3d 1343, 1350 (6th Cir. 1996). Plaintiff has not alleged such conduct. At best, he has alleged mere negligence in the care of his key, which is not sufficient to support a claim. *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). Thus, Plaintiff does not state a § 1983 claim against Defendants Boysen and Dames with respect to the loss of his property.

In sum, with regard to Plaintiff's Fourth Amendment claims against Defendants Boysen and Brummel, the Court concludes that they are not subject to dismissal at this time. Instead, the Court will stay those claims pending resolution of Plaintiff's criminal proceedings in state court. Plaintiff's claims against Defendants Boysen, Brummel and/or Dames under the Fifth and Fourteenth Amendments will be dismissed with prejudice for failure to state a claim. Because Plaintiff fails to state a § 1983 claim against Dames, he will be dismissed.[4]

### B. Defendants Anderson & Koch

Plaintiff's only allegations against Defendants Anderson and Koch are that they failed to supervise and/or train police officers under their direction, and failed to act in response to

---

[4]To the extent that Plaintiff asserts a claim against Dames under state law, this Court declines to exercise supplemental jurisdiction over such a claim. Generally, where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991).

Plaintiff's complaints and request that they prosecute the other Defendants. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Anderson and Koch engaged in any active unconstitutional behavior. In addition, Plaintiff has no right whatsoever to have Defendants bring charges against other individuals. As a private citizen, Plaintiff "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Martin v. Koljonen*, No. 03-2169, 2004 WL 445720, at *1 (6th Cir. Mar. 9, 2004). Thus, Defendants Anderson and Koch will be dismissed with prejudice because Plaintiff fails to state a claim against them.

### C. Defendant Champion

Plaintiff also fails to state a claim against Defendant Champion, his court-appointed attorney, because Plaintiff cannot show that Champion acted under color of state law. In *Polk*

*County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel performs a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

*Id.* at 318-19 (footnotes omitted). The Court held that this is true even of the state-appointed and state-paid public defender. *Id.* at 321. Even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control. *Id.*; *see also Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding that, when performing traditional functions as counsel, a public defender is not a state actor); *Powers v. Hamilton Cnty. Pub. Defender*, 501 F.3d 592, 611 (6th Cir. 2007) (same). Accordingly, Defendant Champion will be dismissed with prejudice because no claim under § 1983 can be maintained against him.

### D. Judge Cronin

Plaintiff implies that Judge Cronin is liable for failing to maintain proper judicial procedures and failing to hold a timely probable cause hearing, though Cronin is not listed as a defendant in the amended complaint.[5] Assuming that Plaintiff intends to assert a claim against Judge Cronin, he cannot do so. First, a judge is absolutely immune from a suit for monetary damages.

---

[5] Cronin is identified as a defendant in the original complaint, but an amended complaint typically supercedes and replaces the prior version.

*Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Also, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 12. Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. Thus, Judge Cronin is absolutely immune from Plaintiff's damages claim.

Second, injunctive relief against Cronin is not available under § 1983, because that statute expressly provides that injunctive relief "shall not be granted" against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Cronin is a judicial officer, and Plaintiff's allegations clearly implicate actions taken in Cronin's judicial capacity. Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, § 1983 does not permit a claim against Cronin for injunctive relief. Thus, even if Plaintiff asserted a claim against Cronin in his amended complaint, it would be subject to dismissal on grounds of immunity and/or failure to state a claim.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Fourth Amendment claims against Defendants Boysen and Brummel are not subject to dismissal at this time, but they will be stayed pending the resolution of Plaintiff's criminal proceedings in state court. All other claims under § 1983, including Plaintiff's claims under the Fifth and Fourteenth Amendments, will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). To the extent that Plaintiff asserts any claims under state law against Defendant Dames, the Court declines to exercise supplemental jurisdiction over such claims. Consequently, the remaining defendants, Defendants Anderson, Champion, Dames, and Koch will be dismissed.

An Order consistent with this Opinion will be entered.


Dated:   July 22, 2013              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE