UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID W. SPENCER,

    Plaintiff,

v.                                                                                          Case No. 1:13-cv-105
                                                                                                                                   Hon. Robert J. Jonker

UNKNOWN BOYSEN, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is currently in the custody of the Michigan Department of Corrections (MDOC). However, the incidents alleged involved law enforcement officers in Allegan County prior to his incarceration. This matter is now before the Court on defendant Ron Boysen and Mel Brummel's motion for summary judgment (docket no. 26) and plaintiff's motion for summary judgment (docket no. 39).

    **I.**    **Plaintiff's complaint**

The Court previously summarized plaintiff's amended complaint as follows:

> Plaintiff David W. Spencer is a detainee at the Allegan County Jail. Apparently, he is awaiting trial in Allegan County Circuit Court on two counts of second-degree criminal sexual conduct. He sues the following individuals: Sgt. Ron Boysen, Detective Chad Dames, Officer Mel Brummel, Prosecutor Frederick Anderson, Assistant Prosecutor Myrene K. Koch, and Attorney Robert A. Champion. Defendants Boysen, Dames, and Brummel work as police officers for the Allegan County [sic] Police Department. Defendants Anderson and Koch are prosecuting attorneys for Allegan County. Defendant Champion is Plaintiff's court-appointed attorney for his criminal proceedings.

According to Plantiff's *pro se* pleadings, his action arises from events related to his arrest and prosecution for criminal sexual conduct, with which he was charged on June 28, 2012. Attached to the amended complaint is a motion and brief in support directed to the Allegan County Circuit Court, which sets forth the facts that form the basis for his § 1983 action. (Attach. to Am. Compl., docket #8-1.) The motion argues that the criminal proceedings against Plaintiff should be dismissed because: (1) they are the result of an "[i]llegal [a]rrest and [i]mprisonment" by Defendants Boysen and Brummel; (2) Plaintiff has not received a warrant or determination of probable cause for his arrest and detention; and (3) Defendants Boysen and Dames improperly released Plaintiff's house key to an "unauthorized person," who "relinquish[ed]" Plaintiff's residence and allowed his property to be stolen. (*Id.*, Page ID#32-47.) In a supplement to the amended complaint, Plaintiff asserts that his court-appointed attorney has not provided adequate assistance in his criminal proceedings. (*See* docket #9-1.)

### 1.   Arrest and detention

On June 23, 2012, Plaintiff was sleeping at home when Defendant Boysen knocked on his door and "pushed his way" inside Plaintiff's residence. (Attach. to Am. Compl., docket #8-1, Page ID#33.) Boysen questioned Plaintiff about his identity, whether Plaintiff had ever been convicted of a felony, and whether Plaintiff had any missing children. Plaintiff answered Boysen's questions, though Plaintiff asserts that he was not "of sound mind" at the time because he had just awakened from a "deep sleep." (*Id.*, Page ID#38.) Boysen stated that he found two children "downtown" who had been missing from Plaintiff's home, and that the parents of the children had been contacted. (*Id.*, Page ID#33.) Boysen asked if another individual, James Frye, could take his son from Defendant, because Frye was "fearful" for his son's safety. (*Id.*) Plaintiff consented and Boysen left.

Later that day, Plaintiff received a call from his girlfriend to pick her up from work. As he was driving away from his house, Plaintiff was pulled over by Defendant Brummel. Brummel stated that Plaintiff had "no taillights," though Plaintiff was not able to confirm whether that was the case. (*Id.*, Page ID#34.) Brummel inspected Plaintiff's identification and then returned it to him. Brummel did not ticket Plaintiff, but told him to drive back to his residence, telling Plaintiff that he "knew why." (*Id.*) Brummel followed Plaintiff back to his residence, where Brummel handcuffed and "frisked" Plaintiff. (*Id.*) Brummel then took Plaintiff to the Allegan County police station. At the police station, Boysen instructed Brummel to release Plaintiff's handcuffs, and then Boysen put Plaintiff in an interview room. All of the foregoing occurred before Plaintiff was informed of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

Plaintiff apparently claims that the forcible entry into his home, and the arrest, detention, and questioning by Defendants Boysen and/or Brummel violated

2

his rights under the Fourth and Fourteenth Amendments because they were not supported by probable cause or because they occurred before he was informed of his *Miranda* rights. In addition, Plaintiff appears to claim that the prosecuting attorneys in his criminal proceedings, Defendants Anderson and Koch, are liable for the foregoing conduct because they failed to ensure that police officers working under them are adequately trained in the proper standards for the issuance of arrest and search warrants.

### 2. Probable cause hearing

Plaintiff further alleges that he has been detained since his arrest on June 23, 2012. As of February 2013, however, he has not seen a warrant for his arrest or received a probable cause hearing to justify his detention. [FN 1] In addition, although Judge Cronin is not listed as a defendant in the amended complaint, Plaintiff implies that he is liable for "lack of officiating his [c]ourt[r]oom and maintain[ing] proper [j]udicial procedures, and for "lack of time of [sic] [p]robable cause hearing." (Am. Compl., docket #8, Page ID#28.)

> [FN 1. On the other hand, Plaintiff states that he has received "Pre-Exams" or "Preliminary Exams" on ten separate dates between July 5 and October 19, 2012. (Attach. to Am. Compl., docket #8-1, Page ID#42.)]

### 3. Loss of property

At the time of Plaintiff's arrest, he put the key to his house in the possession of Defendants Boysen and Dames. Sometime thereafter, the key was "released to an unauthorized person," and then someone entered Plaintiff's home and stole his property. (Attach. to Am. Compl., docket #8-1, Page ID#45.) Plaintiff claims that Boysen and Dames are liable for the loss of his property, and that Defendants Anderson and Koch are liable for failing to prosecute Defendants Boysen, Dames and Brummel for their role in that loss. [FN 2]

> [FN 2. In a letter to Defendant Anderson dated January 22, 2013, Plaintiff states that he wishes to "press charges" on Defendants Boysen and Dames because his belongings were stolen after he left his house key in their possession. (*See* docket #9-1, Page ID#61.)]

### 4. Assistance of counsel

3

>     Finally, Plaintiff alleges that his court-appointed attorney, Defendant Champion, will not comply with Plaintiff's requests and is not fulfilling his constitutional obligation as Plaintiff's attorney to provide effective assistance of counsel. [FN 3]
>
>> [FN 3. Plaintiff's supplemental materials include three letters from Plaintiff, one to Defendant Champion, one to the clerk of the Allegan County Circuit Court, and one to Judge Cronin, indicating that Plaintiff wants to "fire" Champion and obtain new counsel to represent him. (*See* docket #9-1, Page ID##63-66.)]
>
>     As relief in this action, Plaintiff asks the Court to: (1) "verify [p]rocess of the [a]ctions t[a]ken against" him; (2) require the state court to allow him to file a motion to dismiss his criminal case on his own behalf, and not through his court-appointed attorney; and (3) award him compensatory damages for "pain and suffering," "defamation of character," lost wages, and lost vacation time resulting from his "[i]llegal arrest and [f]alse imprisonment." (Am. Compl., docket #8, Page ID#27.) In a supplement to his complaint, Plaintiff adds that he wants "any action taken by [Boysen], be it written or oral," to be "removed" from his criminal proceedings, and that any "documents" or "testimony" from Boysen be suppressed. (Supplement to Am. Compl., docket #9-1, Page ID#59.)

Opinion (docket no. 15 at pp. ID## 81-83).

On initial screening, the Court dismissed all claims and defendants except for plainitiff's Fourth Amendment claims against defendants Boysen and Brummel:

>     On the other hand, Plaintiff states a possible claim against Defendants Boysen and Brummel under the Fourth Amendment, which provides, in relevant part, that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. Government entry into a private home is considered a search implicating the Fourth Amendment. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990); *Payton v. New York*, 445 U.S. 573, 585 (1980); *United States v. U.S. Dist. Court*, 407 U.S. 297, 313 (1972) (stating that "physical entry into the home is the chief evil against which the wording of the Fourth Amendment is directed"). Warrantless searches and seizures are per se unreasonable, subject only to a few specifically established and well-delineated exceptions. *Katz v. United States*, 389 U.S. 347, 357 (1967). In addition, "[i]t is well established that any arrest without probable cause violates the Fourth Amendment." *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003). Plaintiff's allegations imply that Boysen and Brummel lacked a warrant or probable cause for entering his home, detaining him, searching him, and arresting him; thus, he states a claim against them on that basis.

The Supreme Court has also stated that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). When an arrest is made without a warrant, the arrestee is entitled to a "timely judicial determination of probable cause." *Id.* at 126. If no determination is made within forty-eight hours, the burden shifts to the government to demonstrate that the delay was justified by the existence of an emergency or other extraordinary circumstance. *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). In Michigan, it is the arresting officer's duty to bring the arrestee before the magistrate for a determination of probable cause. *See Oxford v. Berry*, 170 N.W. 83, 88 (Mich. 1918); Mich. Comp. Laws § 764.13. Plaintiff alleges that he was arrested and placed in custody by Defendants Boysen and Brummel on June 23, 2012, but he was not charged with a crime until June 28, and apparently he did not receive any kind of hearing until July 5, 2012. Thus, the Court concludes that Plaintiff states a possible Fourth Amendment claim against Defendants Brummel and Boysen for the additional reason that he did not receive a timely judicial determination of probable cause after they placed him under arrest.

Though Plaintiff states a Fourth Amendment claim, the Court will not consider the merits of that claim at this time because Plaintiff's allegations indicate that he is a defendant in ongoing criminal proceedings in state court, and the alleged conduct by Defendants Boysen and Brummel is related to those proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir. 1988). . . .

The situation is akin to the one described (in dicta) by the Supreme Court in *Wallace v. Kato*, 549 U.S. 384 (2007):

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

5

> *Id.* at 393-94 (citations omitted). Plaintiff's Fourth Amendment claims against Defendants Boysen and Brummel are clearly "related to rulings" that will "likely be made" in state court. *See id.* Indeed, Plaintiff himself asserts that Defendants' allegedly illegal actions require the dismissal of the charges against him, and that evidence obtained by Boysen and/or Brummel should be excluded from those proceedings. Consequently, this Court will abstain from considering the merits of Plaintiff's Fourth Amendment claims at this time, and will stay those claims pending the outcome of Plaintiff's criminal proceedings.

Opinion (docket no. 15 at pp. ID## 85-89, and 94).

Based on this review, the Court stated that "Plaintiff's Fourth Amendment claims against Defendants Boysen and Brummel are not subject to dismissal at this time, but they will be stayed pending the resolution of Plaintiff's criminal proceedings in state court." *Id.* at p. ID# 94. The Court administratively closed the case on July 22, 2013, and instructed that it remain closed until plaintiff filed a notice with the Court that the related state-court proceedings pending against him and any state-court appeals are completed. Order (docket no. 18).

On September 10, 2013, in the case of *People v. Spencer*, 48th Circuit Court Case No. 12-17942-FH (Allegan County, MI), plaintiff pled guilty to one count of second degree criminal sexual conduct (CSC) related to the charges arising from June 23, 2012 incidents. Plea Trans. (docket no. 26-7 at pp. ID## 192 and 197).[1] In support of his guilty plea, plaintiff testified that "[o]n June 23rd, 2012, I placed my hand on [the victim's] bare buttocks for a sexual purpose, under the age of 13." *Id.* at p. ID# 200. Plaintiff further testified that the criminal act occurred in the City of Allegan, that the victim was a female child, and that he performed the act for the purpose of "[s]eeking gratification" for himself. *Id.* at pp. ID## 200-01. The state judge accepted the plea and

---

[1] Plaintiff also pled guilty to one count of third degree CSC in another case, *People v. Spencer*, No. 12-17941-FC, which involved different criminal activity which occurred between September 1, 2011 and April 1, 2012. Plea Trans. at pp. ID## 192 and 197.

6

on November 25, 2013, sentenced plaintiff to 106 months to 30 years imprisonment for this second degree CSC conviction. *Id.* at pp. ID## 201-03; Sent. Trans. (docket no. 26-8 at p. ID# 214).

There is no evidence before the Court that plaintiff appealed this conviction. On the contrary, in his "Motion to re-open stay" (docket no. 19), plaintiff stated "that there will be no appeal filed to this State Court Action, due to Plaintiff being sentenced to Mich. Dept. of Correction [sic]". Motion (docket no. 19 at p. ID# 100). On February 14, 2014, this Court granted plaintiff's motion, stating in pertinent part:

> In his motion, Plaintiff asserts that he was convicted and sentenced on November 25, 2013, and he does not intend to challenge his conviction on appeal. Thus, Plaintiff has complied with the terms of the stay order, and because his state-court proceedings are complete, a stay is no longer necessary. Moreover, after further review of the remaining claims against Defendants Boysen and Brummel pursuant to 28 U.S.C. §§ 1915(e) and 1915A, to determine whether they are frivolous, malicious, fail to state a claim upon which relief can be granted or seek monetary relief against a defendant that is immune from such relief, the Court concludes at this stage of the proceedings that they are not subject to dismissal for any of the foregoing reasons. Consequently, the Court will reopen the case and order service of the remaining claims in the amended complaint on Defendants Boysen and Brummel.

Order (docket no. 20 at pp. ID## 101-02). The Court's order vacated the stay and re-opened the case. *Id.* As a result of the Court's February 14, 2014 Order, plaintiff's action consists of two groups of Fourth Amendment claims against defendants Boysen and Brummel: (1) that these defendants lacked a warrant or probable cause for entering plaintiff's home, searching him, detaining him and arresting him; and (2) that plaintiff did not receive a timely judicial determination of probable cause after defendants arrested him.

## II. Legal standard

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, the Court is not bound to blindly adopt a non-moving party's version of the facts.  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. Discussion

### A. Fourth Amendment claims arising from the search, seizure, detention and arrest

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

As an initial matter, the Court will address whether plaintiff's alleged Fourth Amendment violations related to his search, seizure, detention and arrest are barred by *Heck v. Humphrey*, 512 U.S. 477(1994), which provides that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (footnote and emphasis omitted).

Fourth Amendment claims arising out of searches occurring prior to a plaintiff's guilty plea are precluded by *Heck* "on the grounds that a civil suit holding that these searches were improper would undermine the basis of [the plaintiff's] guilty plea and sentence." *Jacob v. Township of West Bloomfield*, 531 F.3d 385, 388 (6th Cir.2008); *see also Shamaeizadeh v. Cunigan*, 182 F.3d

9

391, 398-99 (6th Cir.1999) (holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is overturned), *overruled in other part in Kato*, 549 U.S. 384 (recognizing that *Heck* bars the pursuit of a Fourth Amendment arrest claim until the conviction is overturned, but concluding that the action accrues at the time of the arrest); *Richards v. Kent County Sheriff's Department*, No. 1:09-cv-748. 2009 WL 3837192 at *3 (W.D. Mich. Nov. 16 ,2009) (a plaintiff's Fourth Amendment claims for an unreasonable search is *Heck*-barred until the prisoner's criminal conviction has been invalidated). Here, plaintiff pled guilty to second degree CSC occurring on June 23, 2012. He was convicted and sentenced for that crime. Plaintiff's conviction has not been reversed or otherwise invalidated. Baed on this record, plaintiff's Fourth Amendment claims for the alleged unreasonable search, seizure and detention related to that criminal conviction are barred under *Heck*.

Plaintiff's claim for unlawful arrest also implies that his state-court conviction and sentence were invalid, and, thus, is barred by *Heck*. *See Schreiber v. Moe*, 445 F.Supp.2d 799, 812-13 (W.D.Mich.2006) (a finding that an officer lacked probable cause to arrest the plaintiff implies the invalidity of the misdemeanor conviction and is barred by *Heck* because it undermines the basis for the misdemeanor charge); *see also Reid v. West*, No. 2:14-cv-334, 2015 WL 268980 at *4 (E.D. Tenn. Jan. 21, 2015) (the plaintiff could not bring a Fourth Amendment false arrest / false imprisonment claim for lack of probable cause, because "[his] guilty plea conclusively establishes that probable cause for his arrest existed" and a ruling in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence); *Easley v. Dietrich*, No. 1:11-cv-299, 2012 WL 851160 at *5-6 (Report and Recommendation) (W.D. Mich. Feb. 13, 2012), *adopted in* 2012 WL 847323 (Order) (March 20, 2013), *affirmed in Easley v. Dietrich*, No. 12-1400 (6th Cir. March 20, 2013)

("[b]ecause plaintiff's false arrest claim implies the invalidity of his state-court conviction and sentence, his false arrest claim seeking damages is barred by *Heck*"); *Richards*, 2009 WL 3837192 at *4 (the plaintiff's unlawful arrest claim is barred by *Heck* because it implies that his state-court conviction and sentence were invalid). Based on this record, plaintiff's Fourth Amendment claim related to the alleged unlawful arrest is barred by *Heck*.

Plaintiff's motion for summary judgment did not contain legal arguments or a supporting affidavit. *See* Fed. Rules Civ. Proc. 56(c)(4) ("[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"). Rather, plaintiff's motion for summary judgment consists of 42 paragraphs of unsworn "facts" which are similar to the allegations in his amended complaint. *See* Plaintiff's Motion for summary judgment (docket no. 39). Such unsworn statements cannot create a genuine issue of material fact sufficient to defeat defendants' motion. Furthermore, plaintiff's motion did not address the systemic problem with his lawsuit, i.e., that his Fourth Amendment claims related to the alleged illegal search, seizure, detention and arrest are barred by *Heck*. Accordingly, defendants Boysen and Brummel should be granted summary judgment on these claims.

### B. Fourth Amendment claim arising from the denial of a probable cause hearing

Finally, plaintiff's contends that defendants Boysen and Brummel violated his Fourth Amendment rights when he was denied a timely probable cause hearing. "To implement the Fourth Amendment's protection against unfounded invasions of liberty and privacy, the Court has required that the existence of probable cause be decided by a neutral and detached magistrate whenever possible." *Gerstein v. Pugh*, 420 U.S. 103, 112 (1975). However, "[d]elays are inevitable and,

11

generally, determinations of probable cause that occur within 48 hours will not violate *Gerstein*'s promptness requirement." *Sanders v. Detroit Police Department*, 490 Fed.Appx. 771, 774 (6th Cir. 2012), citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 55-56 (1991).

Plaintiff alleged he was arrested on June 23, 2012 and that he never received a probable cause hearing. Amend Compl. at ¶¶ 1-17 (docket no. 8-1 at pp. ID## 32-35 and 45); Allegan City Police Department Case No. 2012-00001844 (docket no. 26-3 at p. ID# 175). Plaintiff's claim is frivolous. The day after his arrest, 57th District Court Judge Joseph S. Skocelas held a probable cause hearing, in which he found a factual basis for two charges of second degree CSC which occurred on June 23rd, i.e., that plaintiff rubbed the victim's legs while she sat on his lap and that plaintiff "humped" the victim in his bed for about 20 minutes. *See* Hearing Trans. (June 24, 2012) (docket no. 26-6 at pp. ID## 185-87). These charges were set forth in Allegan City Police Department Case No. 1844, which the Court treated as the felony complaint. *Id.* at p. ID# 185; Allegan City Police Department Case No.1844 at p. ID# 175. The state court records reflect that plaintiff was charged with a felony complaint, taken into custody, and given a probable cause hearing the next day. While plaintiff states that he did not appear before a judge until June 27, 2012 (96 hours after his arrest), his unsworn statement is blatantly contradicted by the state court record. *See Scott*, 550 U.S. at 380; Plaintiff's Motion for summary judgment at ¶ 17 (docket no. 39 at p. ID# 273); Hearing Trans. (docket no. 26-6). Accordingly, defendants Boysen and Brummel should be granted summary judgment on this claim.

### IV.     Recommendation

For the reasons set forth above, I respectfully recommend that defendants Boysen and Brummel's motion for summary judgment (docket no. 26) be **GRANTED**, that plaintiff's motion for summary judgment (docket no. 39) be **DENIED** and that this action be **DISMISSED**.


Dated:  March 11, 2015                                                          /s/ Hugh W. Brenneman, Jr.
                                                                   HUGH W. BRENNEMAN, JR.
                                                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).